IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Angel Soto,<br><br>         Plaintiff,<br><br>v.<br><br>Unknown Harris, et al.,<br><br>         Defendants. | No. CV-21-01792-PHX-DWL (CDB)<br><br>**ORDER** |

This is a *pro se* civil rights action that has been referred to Magistrate Judge Bibles for all pretrial proceedings. (Doc. 6.)

On March 22, 2022, Judge Bibles issued a report and recommendation ("R&R") concluding that Defendant Jordan should be dismissed for failure to serve. (Doc. 42.) The R&R notes that the Court previously ordered the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") to disclose the last known address of Defendant Jordan and ordered the United States Marshal to serve Defendant Jordan at that address, but service on Defendant Jordan at the address disclosed by the ADCRR was returned as unexecuted on March 18, 2022 and the Marshal noted that the address provided by the ADCRR was unoccupied and listed as for sale. (*Id.*)

On March 30, 2022, Plaintiff filed objections to the R&R. (Doc. 57.) In paragraph one, Plaintiff notes that he is incarcerated and thus unable to locate Defendant Jordan on his own, but "if this court appoints counsel for Plaintiff appointed counsel can use his or her[] own resources to track down and serve Defendant Jordan." (*Id.* at 1.) In paragraph

two, Plaintiff notes that, during the discovery process in this case, it is possible that defense counsel will call or subpoena Defendant Jordan, in which case Defendant Jordan's address will become known. (*Id.*) In paragraph three, Plaintiff argues that the Court would not be acting as his advocate if it were to rule in his favor. (*Id.* at 2.)

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.* "Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

Here, the Court has reviewed Plaintiff's objections to the R&R and finds them unpersuasive. The R&R is well reasoned at the Court adopts its analysis in full.

Accordingly,

**IT IS ORDERED** that:

1. The R&R (Doc. 42) is **accepted**.
2. Plaintiff's objections to the R&R (Doc. 57) are **overruled**.
3. Defendant Jordan and Plaintiff's claims against Defendant Jordan are dismissed without prejudice for Plaintiff's failure to timely effect service of process on this Defendant.

Dated this 15th day of May, 2022.

_____
Dominic W. Lanza
United States District Judge