IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Soto,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown Harris, et al.,<br><br>　　　　Defendants. | No. CV-21-01792-PHX-DWL (CDB)<br><br>**ORDER** |

   This is a *pro se* civil rights action that has been referred to Magistrate Judge Bibles for all pretrial proceedings. (Doc. 6.)

   On March 22, 2022, Plaintiff filed a document entitled "Request by Plaintiff for Joinder of Parties And Amending of Pleadings (First Request)," which was docketed as a motion for leave to file an amended complaint. (Doc. 43.)

   On April 15, 2022, Judge Bibles issued a report and recommendation ("R&R") concluding the motion should be denied. (Doc. 75.) With respect to Plaintiff's request "to add Wexler, Corizon, and Centurion as defendants with regard to his Eighth Amendment claim," the R&R concludes this request should be denied because (1) "Plaintiff fails to allege sufficient facts to support a plausible and cognizable § 1983 claim against these entities" and (2) "because neither Wexler nor Corizon provided medical services to Arizona inmates, including Plaintiff, within two years (the applicable statute of limitations) of the date his Complaint was filed on October 22, 2021, any claims against Wexler and Corizon are barred by the statute of limitations." (*Id.* at 6-7.) Meanwhile, with respect to

Plaintiff's request "to allege an Eighth Amendment claim against Weigel," the R&R acknowledges that "Plaintiff arguably presents sufficient facts" to support such a claim but still concludes that leave to amend should be denied because "Plaintiff's claims against Weigel arise from different and/or additional facts than those comprising the instant suit, and it also appears Plaintiff is currently and/or was still in the process of administratively exhausting a claim against Weigel when he filed his Complaint." (*Id.* at 7-9.) Thus, the R&R concludes that "allowing Plaintiff to add an additional defendant at this time would, due to the time required to serve the defendant, unduly prejudice the existing Defendants because it would require re-opening discovery and rescheduling dispositive motions. Furthermore, denial of leave to add Weigel as a defendant in this matter will not prevent Plaintiff from having his claims against Weigel heard, as there appears to be no statute of limitations or claim preclusions issues with regard to these claims." (*Id.*)

On April 28, 2022, Plaintiff filed objections to the R&R. (Doc. 86.) In paragraph one, Plaintiff defends the form of his request. (*Id.* at 1.) In paragraph two, Plaintiff argues that he is unable to contest the R&R's statute-of-limitations analysis as to Wexler and Corizon because he lacks access to case law. (*Id.*) In paragraph three, Plaintiff notes that his factual allegations against Weigel are sufficient and that his proposed claim against Weigel would not be barred by the statute of limitations. (*Id.* at 1-2.) In paragraph four, Plaintiff argues that he has exhausted his administrative remedies against Weigel. (*Id.* at 2.) In paragraph five, Plaintiff argues that adding Weigel and Centurion as defendants who not delay the proceedings because they are represented by the same attorneys as others. (*Id.*) In paragraph six, Plaintiff argues that he does not see how prejudice would arise from his amendment request. (*Id.*) In paragraph seven, Plaintiff argues that his amendment request should be granted in light of Rule 15 and his status as a *pro se* litigant. (*Id.*)

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.* "Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by

rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

Here, the Court has reviewed Plaintiff's objections to the R&R and finds them unpersuasive. As for the proposed claims against Wexler, Corizon, and Centurion, Plaintiff does not challenge the R&R's determination that leave to amend should be denied in part because Plaintiff has not plausibly alleged *facts* that would support the proposed claims. As for the proposed claim against Weigel, the Court agrees with the R&R's determination that the addition of this claim, at this stage of the proceedings, would be unfairly prejudicial to other defendants because it would require the re-opening discovery and the rescheduling of dispositive motions. Plaintiff's observation that Weigel may be represented by the same attorneys as other defendants does nothing to undermine this conclusion.

…

1     Accordingly,

2     IT IS ORDERED that:

3     1.    The R&R (Doc. 75) is **accepted**.

4     2.    Plaintiff's objections to the R&R (Doc. 86) are **overruled**.

5     3.    Plaintiff's motion to amend (Doc. 43) is **denied**.

6     Dated this 15th day of May, 2022.

_____
Dominic W. Lanza
United States District Judge